# ALLEGHENY COUNTY,

## September Term, 1793.

### JEREMIAH BARKER, v. WILLIAM SUTHERLAND.

THE declaration ſtated, That whereas, one *Jacob* *Whitſel* requeſted the plaintiff to ſell him a quantity of goods of the value of 75*l.* in conſideration of which, *Whitſel* would deliver to the plaintiff a power of attorney from him and *Lewis Whitſel*, to receive their pay, as ſoldiers of the United States; that plaintiff refuſed, and that thereupon defendant aſſumed, that 75*l.* was due to *Jacob* and *Lewis Whitſel*, and that he would be anſwerable; in conſideration of which, and, at the requeſt of defendant, that plaintiff delivered to the ſaid *Jacob* goods to the value of 75*l.*; that only 37*l.* 10*s.* of the ſaid pay was due; and that action accrued to plaintiff to demand of the defendant 37*l.* 10*s.* which he, though requeſted, had refuſed to pay.

The following receipt of *Jacob Whitſel* was proved, and read to the jury:—

" Received *July* 28th, 1791, of *Jeremiah Barker,*
" the ſum of 75*l.* in full for my own and *Lewis Whit-*
" *ſel's* diſcharges or arrearages of pay and cloathing,
" due from the United States. Witneſs my hand,
" *Jacob Whitſel.*"

There was alſo evidence of the purchaſe of the goods, and of *Sutherland's* aſſurance, that ſo much was due, and that *Jacob Whitſel* would not ſell what he had not authority to ſell. And proof was given that 37*l.* 10*s.* was received, but that payment of any thing on account of *Lewis Whitſel* had been refuſed at the War office.

*Jacob Whitſel* (admitted by conſent) proved that he had called on the defendant only to judge of the value of the goods, that he heard no ſuch aſſurance given, and that he requeſted none.

*Woods*, for defendant. Here was no expreſs engagement on the part of *Sutherland*, but merely his opinion

1793.

and belief, that *Whitfel* was, as he really is, an honest man. If there were, or even if the action were against *Whitfel*, there is no evidence, that the account at the war-office is finally closed, or that more money has not been received. Engagements of this kind must be special, and, in *England*, must be in writing.

*Brackenridge*, for the plaintiff. The *English* statute of frauds extends not here. We have a statute of our own, and this case is not within it. We have given sufficient evidence, that we have not received at the war office, the amount which we paid to *Whitfel*, and which *Sutherland* was to have made good ; and we have been refused any more. This is enough for us. If more has been received, let the defendant shew it.

PRESIDENT. Were this a case within the statute of frauds in *England*, that statute is out of the question here. Evidence has been given that 100 dollars have been paid, and that payment of the rest has been refused, at the war office. This is a good ground of action for the deficiency.

*See Pasley v. Freeman* 3*T Rep.* 51, *and cases there cited. 1 Salk. 210.* The question, whether *Sutherland* be liable or not, depends on this, whether the words of *Sutherland* amounted to a warranty, or only a representation. They may bear either sense ; and you must judge how they were understood by the parties. If this be only a representation, and if it be fair and honest, as to his belief, and without concealment of truth, or interest ; he is not liable. If this be a warranty, he is liable, however honest, full, and disinterested it may be.

The jury found for the defendant.